IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL T. NEAL,
    Plaintiff,

vs.                                          Case No.: 3:05cv302/RV/EMT

OFFICER CASSIDAY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon Plaintiff's pro se amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983, which names as Defendants six correctional officers at the Walton Correctional Institution (Doc. 6).  Plaintiff alleges that the Defendant officers violated his civil rights by confiscating and destroying his legal materials; beating him; failing to provide medical care or adequate medical care; threatening him; and forcing him to shave his head and go outside with no means of protection from the sun, which has resulted in severe sunburns and blistering (*id.* at 2-3).  Leave to proceed in forma pauperis has been granted (*see* Doc. 4).  Also pending is Plaintiff's Emergency Motion for Temporary Injunction (Doc. 5), in which Plaintiff seeks injunctive relief against the officers named in his complaint.  Specifically, Plaintiff requests that they be "enjoined from initiating or performing any retaliatory acts against [him], whether physical injury, abuse, harassment, or a more restrictive form of confinement as a result of plaintiff's exercising his right to access to the courts" (Doc. 5 at 3).

        A review of the complaint form reveals that Plaintiff failed to exhaust his administrative remedies prior to filing the instant suit.  He claims he declined to file grievances because he was "threatened to cut throat (to look like suicide) if [he] did" and, when he previously filed a grievance concerning another incident, it was intercepted and "further threats and coersion [sic] occurred for 5 week minimum" (*id.*).

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA") of 1996, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement of § 1997e(a) is mandatory, and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing suit. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such. *See* Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (citing Alexander, 159 F.3d at 1323).

Plaintiff is housed within the Florida Department of Corrections which has an administrative grievance program. *See* Fla. Admin. Code Ch. 33-103. In addition to a standard grievance procedure, it further provides for emergency grievances,[1] grievances of reprisal,[2] and grievances of a sensitive nature. The inmate may file such grievances directly with the Office of the Secretary, thereby bypassing the institutional or facility level, and may send the grievance in a sealed envelope. Fla. Admin. Code Ch. 33-103.007(6). Plaintiff admits he did not avail himself of any grievance procedures, including those for submitting a grievance directly to the Office of the Secretary (*see* Doc. 6 at 4). In an apparent attempt to be exempted from the exhaustion requirement, Plaintiff states on the complaint form that he did not utilize the grievance system because to do so would result in his suffering bodily harm. However, the court has no discretion to waive the exhaustion requirement. Alexander, 159 F.3d at 1325. In any event, this court fails to see how waiving the grievance requirement will relieve the danger to which Plaintiff allegedly will be exposed; if, as

---

[1] An emergency grievance is a "grievance of those matters which, if disposed of according to the regular time frames, would subject the inmate to substantial risk of personal injury or cause other serious and irreparable harm to the inmate." Fla. Admin. Code Ch. 33-103.002(4).

[2] A grievance of reprisal refers to "a grievance alleging that staff have or are threatening to take retaliatory action against the inmate for good faith participation in the inmate grievance procedure or for a particular incident." Fla. Admin. Code Ch. 33-103.002(9).

Plaintiff implies, filing grievances will incur the ire of prison officials, filing this lawsuit will achieve the same result.  Accordingly, because Plaintiff did not exhaust his administrative remedies before filing this action under 42 U.S.C. § 1983 as required by 42 U.S.C. § 1997e(a), this action should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 6) be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's motion for injunctive relief (Doc. 5) be **DENIED** as moot.

At Pensacola, Florida this 21st day of September 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**